UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| **MARK A. JOHNSON on Behalf of Himself and All Others Similarly Situated**<br>**903 Preble Drive**<br>**Blacklick, Ohio 43004**<br><br>Plaintiff,<br><br>vs.<br><br>**INSURANCE INFORMATION EXCHANGE, LLC**<br>**2711 Centerville Road**<br>**Suite 400**<br>**Wilmington, Delaware 19808**<br><br>Defendant. | CASE NO. 2:12-CV-1118<br><br>JUDGE |

**CLASS ACTION COMPLAINT**

**(Jury Demand Endorsed Hereon)**

**PRELIMINARY STATEMENT**

1.     This is a consumer class action based upon Defendant Insurance Information Exchange's ("IIX") willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a-1681x. Named Plaintiff, Mark A. Johnson, ("Johnson") brings this action on behalf of individuals throughout the United States who have been the subject of consumer reports furnished by IIX that contain adverse, and often, prejudicial, misleading and inaccurate information.  Despite the FCRA's clear and unambiguous requirements, IIX fails to contemporaneously notify consumers at the time such information is provided to prospective employers.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all material events occurred in this District as IIX regularly conducts business in this District.

## PARTIES

4. Johnson is and has been a resident of Blacklick, Ohio during all periods relative to this Complaint, and is a consumer as defined by 15 U.S.C. § 1681a.

5. IIX is a Delaware limited liability company, and is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

6. Among other things the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by CRAs, including public record information.

7. IIX maintains consumer files, which contain public record information concerning, among other things, the criminal history of consumers.

8. IIX sells such consumer files to potential employers wishing to investigate the criminal record history, or lack thereof, of various job applicants.

9. When a CRA compiles and reports public record information on consumers likely to have an adverse effect on a consumer's ability to obtain employment, the CRA must, at the time the information is reported, notify the consumer of the fact that the adverse public record information is being reported by the CRA together with the name and address of the person to whom such information is being reported.

10. Alternatively, a CRA is required to maintain strict procedures designed to insure

that public record information used in employment criminal background reports is complete and up to date.

11. Despite these clear and unambiguous requirements of the FCRA, IIX neither notifies consumers contemporaneously of the fact that public record information is being reported, nor does it maintain strict procedures to insure that such information is complete and up to date.

12. Specifically, IIX fails to take reasonable steps to cross-reference names, dates of birth, social security numbers and other personal identifiers prior to providing reports which malign the character and integrity of the consumer.

13. The inaccuracy of public record data and the potential for mixed consumer files is well documented, and many CRAs, including IIX, simply compile this information using automated processes with no oversight.

14. The Federal Trade Commission and federal courts throughout the United States have reiterated CRAs' obligations under the FCRA to provide contemporaneous notice and put policies in place to assure accuracy of consumer reports.

15. IIX's practices not only violate the FCRA as a matter of law, they exact serious consequences on consumers and interstate commerce. When adverse and often inaccurate or misleading criminal history information is reported about an applicant, the information makes the applicant less desirable and less likely to be hired by the employers who pay IIX to issue such reports.

16. Pursuant to IIX's practice, consumers are never provided any notice that adverse information is reported to prospective employers, thereby prejudicing their ability to adequately determine whether the information is being accurately reported.

17. Despite its aforementioned duties under the FCRA, IIX has deliberately, willfully, intentionally, and recklessly adopted a practice that disregards these duties under the FCRA.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

18. On or around October 4, 2011, IIX furnished a consumer report regarding Johnson to Midwest Logistics ("Midwest") for employment purposes.

19. This report contained grossly inaccurate public record information which was likely to have an adverse effect on Johnson's ability to obtain employment.

20. More specifically, the IIX report inaccurately advised Midwest that Johnson had been convicted of "INDECENT ASSAULT AND BATTERY ON CHILD UNDER 14 YEARS OF AGE" and "SEXUAL ABUSE IN THE FIRST DEGREE".  A copy of the IIX report is attached hereto as Exhibit A.

21. Johnson is in no way related to the individual identified in the IIX report.

22. Despite providing this grossly inaccurate consumer report to Johnson's prospective employer, IIX failed to provide any notice at all to Johnson that it had done so.

23. By the very nature of the inaccuracy, it is clear that IIX fails to maintain strict procedures to insure that the information contained in its reports is complete and up to date.

24. At all times pertinent hereto, IIX was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of IIX.

25. At all times pertinent hereto, IIX' s conduct, as well as that of its agents, servants, and/or employees was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Johnson and putative class members.

## **CLASS ACTION ALLEGATIONS**

26. Johnson brings this action individually and as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing in the United States who were the subject of a consumer report prepared by IIX for employment purposes within five (5) years prior to the filing of this Complaint and to whom IIX did not provide notice of the fact that public record information which is likely to have an adverse effect upon the consumer's ability to obtain employment, is being reported by IIX, together with the name and address of the person to whom such information is being reported at the time such public record information is reported to the user of such consumer report.

Excluded from the Class are (i) any judge presiding over this action and members of their families; (ii) IIX and its subsidiaries, parents, successors, predecessors, and any entity in which IIX or its parents have a controlling interest and its current or former employees, officers and directors; (iii) persons who properly execute and timely file a request for exclusion from the Class; and (iv) the legal representatives, successors, or assigns of any such excluded persons.

27. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to IIX, Johnson avers upon information and belief that the class includes over 10,000 consumers nationwide.

28. IIX's reports to such customers are, respectively, standardized form documents produced by the same practices and procedures applicable to all subjects of the reports.

29. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include: (a) whether IIX willfully violated 15 U.S.C. § 1681k(a)(1) by failing to notify consumers contemporaneously of the fact that adverse public record information is being sent to prospective employers, which is likely to have an adverse effect on the consumers' ability to obtain

5

employment; and (b) whether IIX willfully violated 15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures to insure that the information provided to prospective employers is complete and up to date.

30. Johnson's claims are typical of the claims of the Class, which all arise from the same operative facts and are based upon the same legal theories.

31. Johnson will fairly and adequately protect the interests of the Class. Johnson is committed to vigorously litigating this matter and has secured counsel experienced in handling consumer class actions. Neither Johnson nor his counsel has any interests which might cause them not to vigorously pursue this claim.

32. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications and lead to incompatible standards of conduct. Further, individual actions create a risk of adjudications with respect to individual members that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small as the maximum statutory damages are limited to one thousand dollars ($1,000) under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

### COUNT ONE - VIOLATION OF 15 U.S.C. § 1681K
### CLASS CLAIM

34. Johnson realleges and incorporates by reference all preceding allegations of law and fact.

35. Pursuant to 15 U.S.C. § 1681n, IIX is liable for willfully violating the FCRA by engaging in the following conduct:

   a. knowingly or recklessly failing to notify consumers contemporaneously of the fact that criminal record information which is likely to have an adverse effect on employment decisions, is being provided to prospective employers pursuant to 15 U.S.C. § 1681k(a)(1);

   b. knowingly or recklessly failing to maintain strict procedures to ensure that the information is complete and up to date pursuant to 15 U.S.C. § 1681k(a)(2);

36. Johnson and putative Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

37. Johnson and the putative Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

## JURY TRIAL DEMAND

38. Johnson demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Johnson and the putative class seek judgment in favor of himself and the Class for the following:

   a. that an order be entered certifying the proposed Class pursuant to Fed. R. Civ. P. 23(b)(3) and appointing Johnson and his counsel to represent the Class;

   b. that an order be entered declaring that IIX's actions as described above are in violation of the FCRA;

   c. that judgment be entered against IIX for statutory damages in an amount of not less than $100.00 and not more than $1,000.00 per Class member for each willful violation alleged in Count One pursuant to 15 U.S.C. § 1681n(a)(1)(A).

   d. that judgment be entered against IIX for punitive damages for each willful violation alleged in Count One pursuant to 15 U.S.C. § 1681n(a)(2); and

e. that the Court award costs and reasonable attorney fees pursuant to 15 U.S.C. § 1681n.

>Respectfully Submitted,
>
>STUMPHAUZER | O'TOOLE
>
>By:    /s/ Matthew A. Dooley
>      Dennis M. O'Toole (OH Bar 0003274)
>      Anthony R. Pecora (OH Bar 0069660)
>      Matthew A. Dooley (OH Bar 0081482)
>      5455 Detroit Road
>      Sheffield Village, Ohio 44054
>      Telephone:   (440) 930-4001
>      Facsimile:    (440) 930-7208
>      Email:        dotoole@sheffieldlaw.com
>                        apecora@sheffieldlaw.com
>                        mdooley@sheffieldlaw.com
>*Counsel for Mark Johnson and the Putative Class*